CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 06 2020

JULIA C. DUDLEY, CLERK
BY: [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 7:17CR00007 |
| | ) | (Civil Action No. 7:18CV81340) |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| HEATHER DAWN RUSHON, | ) | |
| | ) | By: Hon. Glen E. Conrad |
| Defendant. | ) | United States District Judge |

Heather Dawn Rushon, a federal inmate proceeding pro se, has moved to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. The government has filed a motion to dismiss, to which Rushon has responded by seeking to amend her § 2255 motion to include an additional claim. For the reasons that follow, the government's motion to dismiss will be granted, Rushon's motion to vacate will be denied, and her request to amend will be denied as futile.

## Background

On January 19, 2017, a grand jury in the Western District of Virginia returned a four-count indictment against Rushon. Count One of the indictment charged Rushon with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. On July 17, 2017, Rushon entered a plea of guilty to the conspiracy offense charged in Count One, pursuant to a written plea agreement. In exchange, the government agreed to dismiss the remaining counts of the indictment.

The parties' plea agreement included a section pertaining to the application of the United States Sentencing Guidelines ("U.S.S.G"). The parties stipulated that Rushon should be held

responsible for between 500 and 1,500 grams of methamphetamine, resulting in a base offense level of 30 under U.S.S.G. § 2D1.1. Rushon also acknowledged that she may receive a two-level enhancement for possession of a dangerous weapon under U.S.S.G. § 2D1.1(b)(1). However, Rushon reserved the right to contest the application of the enhancement.

In preparation for sentencing, a probation officer prepared a presentence investigation report ("PSR") that summarized the offense conduct. According to the PSR, an investigation conducted by the Drug Enforcement Administration, the Virginia State Police, and local law enforcement agencies revealed that Rushon was involved in the distribution of a significant quantity of methamphetamine in Southwest Virginia from 2012 to 2016. On two occasions during that period, law enforcement officers utilized confidential informants to make controlled purchases of methamphetamine from Rushon.

On April 11, 2016, a confidential informant advised law enforcement officers that Rushon was staying at a Super 8 hotel in Wytheville, Virginia, and that there were multiple envelopes in Rushon's room containing what appeared to be methamphetamine. The confidential informant also reported that Rushon had been observed walking from her hotel room to a 2015 Dodge Dart in the parking lot. That same day, law enforcement officers obtained and executed a search warrant for Rushon's hotel room and vehicle. During the execution of the warrant, officers found baggies containing methamphetamine and oxycodone, a digital scale, and $1,520 in currency. Law enforcement officers also found additional currency and a disassembled revolver in Rushon's vehicle.

Based on the information that Rushon provided following her arrest, the probation officer determined that Rushon should be held responsible for over 9 kilograms of methamphetamine,

which resulted in a base offense level of 34 under U.S.S.G. § 2D1.1. The probation officer also applied a two-level firearm enhancement under § 2D1.1(b)(1) and a three-level reduction for acceptance of responsibility under § 3E1.1, resulting in a total offense level of 33.

Rushon's attorney submitted objections to the PSR. In particular, counsel objected to the quantity of methamphetamine attributed to Rushon by the probation officer. Counsel also objected to the application of the firearm enhancement, emphasizing that the revolver found in Rushon's vehicle was disassembled and that it was located in the locked trunk.

Rushon appeared for sentencing on November 14, 2017. During the hearing, the court heard argument from counsel regarding the objections to the presentence report. The court sustained Rushon's objection to the quantity of methamphetamine attributed to her in the PSR, and instead adopted the quantity agreed to by the parties in the plea agreement. However, the court overruled Rushon's objection to the firearm enhancement. Although defense counsel continued to maintain that the presence of the disassembled revolver in the trunk of Rushon's vehicle did not support the application of the enhancement, counsel acknowledged that agents had been able to fully operate the revolver after assembling it. The court determined that "the presence of a firearm that could easily be made operational [was] sufficient to support [the] application" of the two-level enhancement. Sentencing H'rg Tr. 18, Dkt. No. 57.

Upon ruling on the objections to the presentence report, the court calculated a total offense level of 29. With a criminal history category of II, the defendant's advisory Guidelines range was 97 to 121 months in prison. The court granted a substantial assistance motion made by the government and imposed a term of imprisonment of 66 months. Rushon did not appeal her conviction or sentence.

Rushon has since moved to vacate her sentence by filing a form motion under 28 U.S.C. § 2255.* In her motion, Rushon argues that the court erred at sentencing by applying the two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1).

Rushon recently submitted a letter indicating that she wishes to assert an additional claim based on the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018), since "[her] gun wasn't used or brandished in any way." Dkt. No. 61. The court construes Rushon's letter as a motion to amend her § 2255 motion.

## Discussion

Section 2255 sets forth four grounds on which a prisoner in federal custody may collaterally attack her sentence: (1) "the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "the court was without jurisdiction to impose such sentence"; (3) "the sentence was in excess of the maximum authorized by law"; or (4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The petitioner bears the burden of proving her claims by a preponderance of the evidence. Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

Rushon's original claim is one of sentencing error. "The Supreme Court has interpreted [§ 2255] such that if the alleged sentencing error is neither constitutional nor jurisdictional, a district court lacks the authority to review it unless it amounts to 'a fundamental defect which inherently results in a complete miscarriage of justice.'" United States v. Foote 784 F.3d 931, 936 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 343 (1974)). This

* Rushon initially filed "a motion in the form of a letter requesting removal of 2 point weapon enhancement (possible 2255)." Dkt. No. 48. The court conditionally docketed the filing as a § 2255 motion and gave her the opportunity to complete a form motion, signed under penalty of perjury, stating any and all claim(s) for relief under § 2255.

"remarkably high bar" is "only satisfied when a court is presented with 'exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" Id. (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).

In this case, Rushon does not identify any constitutional, statutory, or jurisdictional sentencing error. Indeed, Rushon was sentenced well below the statutory maximum term of imprisonment of 40 years under 21 U.S.C. § 841(b)(1)(B). Rushon instead argues that the court erred in applying the advisory Sentencing Guidelines. In particular, Rushon contends that the revolver found in her vehicle did not support the application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(1), since the revolver was disassembled and located in the locked trunk.

Under existing precedent, Rushon's claim of sentencing error is not cognizable under § 2255. The United States Court of Appeals for the Fourth Circuit has made clear that "misapplication of the sentencing guidelines does not amount to a miscarriage of justice," United States v. Mikalajunas, 186 F.3d 490, 495 (4th Cir. 1999), and thus is not a viable basis for collateral relief. See Foote, 784 F.3d at 940 (holding that the defendant's claim that he was erroneously designated as a career offender under the Sentencing Guidelines was not cognizable on collateral review, since the alleged error "was not a fundamental defect that inherently results in a complete miscarriage of justice"); see also United States v. Pregent, 190 F.3d 279, 284 (4th Cir. 1999) (explaining that "while § 2255 applies to violations of statutes establishing maximum sentences, it does not usually apply to errors in the application of the Sentencing Guidelines").

Moreover, even if Rushon's claim of sentencing error were cognizable on collateral review, it would still fail for lack of merit. The Sentencing Guidelines direct the court to increase a defendant's base offense level by two levels "[i]f a dangerous weapon (including a

firearm) was possessed." U.S.S.G. § 2D1.1(b)(1). The commentary explains that the enhancement "reflects the increased danger of violence when drug traffickers possess weapons" and "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1 cmt. n.11(A). Courts have held that the fact that a firearm was disassembled or unloaded does not preclude the application of the enhancement. United States v. Nelson, 174 F. App'x 446, 448 (11th Cir. 2006); United States v. Heldberg, 907 F.2d 91, 94 (9th Cir. 1990). Nor does the fact that a firearm was located in the trunk of a vehicle. Heldberg, 907 F.2d at 94; see also United States v. Adrade, 776 F. App'x 917, 919–920 (11th Cir. 2019) ("Because the gun was found in the trunk and the vehicle was used in the conspiracy, it is not clearly improbable that the gun was connected to the conspiracy."). Upon review of the record, the court remains convinced that it was not clearly improbable that the revolver found in the trunk of Rushon's vehicle was connected to the conspiracy offense. Accordingly, the two-level enhancement was properly applied in this case.

To the extent that Rushon seeks to amend her § 2255 motion to include a claim under Dimaya, the motion will be denied as futile. See Save Our Sound OBX, Inc. v. N.C. Dep't of Transp., 914 F.3d 213, 217 (4th Cir. 2019) ("A proposed amendment is futile when it is clearly insufficient or frivolous on its face," or "if the claim it presents would not survive a motion to dismiss."); see also United States v. Brown, 596 F. App'x 209, 210–11 (4th Cir. 2015) (observing that Rule 15 of the Federal Rules of Civil Procedure applies to § 2255 proceedings, and that leave to amend may be denied when an amendment would be futile). In Dimaya, the Supreme Court held that the residual clause of the "crime of violence" definition set forth in 18 U.S.C. § 16(b) is unconstitutionally vague. 138 S. Ct. at 1210–11. In this case, Rushon was not

charged with using a firearm during and in relation to a crime of violence, and the challenged sentencing enhancement was not dependent upon the commission of a crime of violence. As the Eleventh Circuit recently explained, "§ 2D1.1(b)(1) does not contain any language comparable to the language from § 16(b) that was at issue in Dimaya." In re Lee, No. 19-10730-K, 2019 U.S. App. LEXIS 8931, at *7 (11th Cir. Mar. 25, 2019). Therefore, amending the § 2255 motion to assert a claim under Dimaya would be futile.

**Conclusion**

For the reasons stated, the court will grant the government's motion to dismiss, deny Rushon's § 2255 motion, and deny her request to amend. Additionally, because Rushon has failed to make a substantial showing of the denial of a constitutional right, the court will deny a certificate of appealability. See 28 U.S.C. § 2253(c).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 6th day of January, 2020.

Senior United States District Judge